## 18615

Arthur E. WINES, Appellant, v. STATE or South Carolina *et al.,*
Respondents

(153 S. E. (2d) 392)

*Messrs. William A. Dallis* and *George H. Davis, Jr.,*
of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Edward B. Latimer* and *Carl R. Reasonover, Assistant Attorneys General,* of Columbia, *for Respondents,*

March 8, 1967.

*Per Curiam:*

In this *habeas corpus* proceeding, the petitioner appeals from an order of the circuit court denying, following a hearing, the relief sought by petitioner. Petitioner was represented below and is represented here by appointed counsel.

Petitioner has a history of mental illness dating back to at least 1944. The record reflects that most of his adult life has been spent in the South Carolina Penitentiary serving several sentences, including sentences for manslaughter and assault and battery with intent to kill. In May, 1964, he became entitled to his release from the penitentiary, and since that time he has been neither under sentence, nor charged with any crime. Realizing his mental condition, petitioner became a voluntary patient at the State Hospital in May, 1964; remained there for twenty-one days, and was then returned by the hospital to that portion of the penitentiary designated as "a facility of the South Carolina Department of Mental Health" pursuant to the provisions of Sec. 32-933 of the 1962 Code of Laws, as amended by the Acts of 1964. Petitioner is not under formal commitment by any court to the State Hospital.

His petition alleges that he was transferred to the facility at the State Penitentiary after having been classified by the hospital as "insane and dangerous". Evidence adduced on the hearing below is to the effect that petitioner is suffering from undifferentiated schizophrenia; that he is con-

sidered by the staff to be potentially dangerous, and that the State Hospital does not have facilities, other than at the penitentiary, to care for him in safety to petitioner and other patients. There is evidence that on one occasion petitioner inflicted injury to himself, in addition to committing crimes of violence upon others.

The petitioner disclaims any right to be released, and seeks only to be confined and treated in a mental health facility, other than at the penitentiary. The sole question presented by the appeal is whether, under existing law, the South Carolina State Hospital has authority to confine and treat petitioner at the facility at the State Penitentiary.

The question presented is a serious one which, in fairness to the petitioner and the State Hospital, we do not think we should decide in the present state of the record, which discloses other serious questions, not presented to or considered by the court below, nor raised here.

The petitioner does not seek his immediate or absolute release, but only a change in the place of his confinement and treatment. Such being the case, we think there is at least a serious question as to whether a writ of *habeas corpus* will properly lie. This question should, however, only be decided after giving both parties full opportunity to be heard. We do point out, however, that in *Maxey v. Manning*, 224 S. C. 320, 78 S. E. (2d) 633, a case not directly in point factually, it was held that "*Habeas corpus* will not lie to correct the place of imprisonment in a sentence". And, in 39 C. J. S. *Habeas Corpus* § 13, p. 443, it is said, "It is well settled that a prisoner has no right to a writ unless he is entitled to immediate release * * *".

Petitioner does not appear in this proceeding by a guardian *ad litem*, and, under the circumstances disclosed by the record, we think that such fact requires that we forego any decision of the case on its merits at this time. The record contains no evidence specifically addressed to whether peti-

tioner's mental deficiency is so great as to render him unable to comprehend or transact the ordinary affairs of life, but the evidence generally as to his mental state clearly supports the inference that petitioner is "mentally incompetent" within the purview of Sec. 10-236 of the 1962 Code of Laws. In this connection see the case of *Thompson v. Moore,* 227 S. C. 417, 88 S. E. (2d) 354.

If, as the record suggests, petitioner is mentally incompetent, within the intent and meaning of Code Sec. 10-236, it follows that any judgment we might now render, adverse to him, would be voidable by him. See *Lister v. Gossett,* 239 S. C. 22, 121 S. E. (2d) 235.

Under these circumstances, the appeal is simply dismissed and the cause remanded, without prejudice to any of the rights of the petitioner to seek any relief which may be deemed appropriate in this or any other proceeding. Prior to any further proceeding, the lower court should consider and determine whether the petitioner is, perchance, sufficiently competent mentally to proceed without the appointment of a guardian *ad litem,* and if, in fact, he is not, appoint such guardian *ad litem* for him.

Appeal dismissed.