18710

Oscar E. SCHNEIDER, Appellant, v. STATE OF SOUTH CAROLINA, *et al.*, Respondents

(157 S. E. (2d) 593)

*Messrs. William F. Austin and James H. Fowles, Jr.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Edward B. Latimer* and *Carl R. Reasonover, Assistant Attorneys General,* of Columbia, *for Respondents,*

October 9, 1967.

PER CURIAM:

The instant appeal is ostensibly, though not effectually as we shall herein point out, from three orders of the Court of Common Pleas for Richland County entered by two circuit judges, and one order of the Richland County Court, all denying the appellant relief in *habeas corpus* proceedings.

The facts of the case are pathetic, and by numerous *habeas corpus* proceedings and correspondence have been previously brought to the attention of the judiciary, both state and federal, as well as at least two governors of the state. It would serve no useful purpose to relate the facts in detail at this time.

To state such briefly, in March 1947, appellant was arrested and subsequently charged in the Court of General Sessions for Charleston County, *inter alia,* with the offense of arson. On motion of his attorney, he was sent to the State Hospital for examination pursuant to the provisions of what is now Sec. 32-969 of the 1962 Code of Laws, by an order entered in the Court of General Sessions for Charleston County, dated May 31, 1947, and signed by the late Honorable William H. Grimball, then Judge of the Ninth Judicial Circuit. Upon examination, the State Hospital determined that he was insane and suffering from *dementia praecox* (schizophrenia) paranoid type. There is nothing in the record before us to suggest that his mental condition has subsequently improved.

On November 8, 1947, Judge Grimball, based on the examination of the State Hospital, and pursuant to what is now Sec. 32-970 of the 1962 Code of Laws, issued another order in the Court of General Sessions for Charleston County confining appellant to the State Hospital for the duration of his mental illness and providing that upon his recovering sufficiently to leave the hospital he be released to the Sheriff of Charleston County. Since the last

mentioned order the appellant has remained a patient of the State Hospital, except for an escape in February 1948, during which one Charleston County police officer was killed, and another wounded, in the course of apprehending appellant for his return to the State Hospital. Due to the insanity of appellant, criminal charges in the Court of General Sessions for Charleston County have been stricken off but with leave to restore, and appellant, under the circumstances, has of course never been tried on any of the charges against him.

The only question presented on appeal is the contention of the appellant that the orders entered in the Court of General Sessions for Charleston County in 1947, committing him to the State Hospital for examination, and thereafter for the duration of his mental illness, are void on the ground that he was not then represented by a *guardian ad litem*. Such contention was not made or passed upon below in the instant proceedings, either in the Court of Common Pleas or the County Court of Richland County, from which courts the present appeal ostensibly comes. Hence, if the appeal be from the orders of those courts, it presents no question for decision by this court. See cases collected in West's South Carolina Digest, Appeal and Error, 169.

If, however, out of grace to the appellant in his particular situation, we regard his appeal as being a belated one from the orders entered in the General Sessions Court of Charleston County, rather than an appeal from the several orders in Richland County, there is patently no merit in his contentions that such orders were void as to him for failure to appoint a *guardian ad litem*. Appellant relies solely on the recent decision of this court in *Wines v. State, S. C.,* 153 S. E. (2d) 392, overlooking the factual distinction that such case was a civil proceeding whereas the orders of which appellant complains were entered in the normal course of a criminal proceeding.

While, as pointed out by this court in *State v. Jones,* 201 S. C. 403, 23 S. E. (2d) 387, an examination of a person charged with crime, pursuant to Code Sec. 32-969, may, under certain circumstances, prove to be a "two-edged sword", it is obvious that the principal purpose of that Code Section, as well as Sec. 32-970, is the protection of those persons who are unfortunate enough to be in the plight of the appellant.

No authority is cited in support of the contention that the appointment of a *guardian ad litem* is a prerequisite to the validity of orders issued in a criminal proceeding, in general sessions court, pursuant to the above mentioned Code Sections, and a search on our part has failed to reveal any such authority. Therefore, regarding the appeal as a belated one in a criminal action, it is patently without merit.

It is, accordingly ordered, in open session, and pursuant to Rule 23 of the Supreme Court Rules, that the instant appeal be, and the same is hereby, dismissed as manifestly without merit.