19199

Oscar E. SCHNEIDER, Appellant, v. STATE of South Carolina, and William D. Leeke, Director, Department of Corrections, Respondents

(180 S. E. (2d) 340)

*Messrs. John W. Williams, Jr.,* and *Edward A. Harter, Jr.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Emmet H. Clair, John P. Wilson, Asst. Attys. Gen.,* of Columbia, *for Respondents,*

April 7, 1971.

*Per Curiam:*

The most unfortunate plight of this appellant again claims the attention of this court. A brief summary of the history of the case is contained in the opinion of this court in *Schneider v. State,* 250 S. C. 298, 157 S. E. (2d) 593.

The present appeal is from an order of the Common Pleas Court of Richland County denying relief, after a full hear-

ing, in a *habeas corpus* proceeding. Appellant's present peti-iton sought his absolute release on the sole assertion that he has not been afforded due process and is being denied equal protection of the laws in violation of both State and Federal Constitutions, in that Code Sec. 32-970 contains no specific provision for review of a decision of the State Hospital as to his sanity or insanity, and no specific provision for a jury trial on that issue, whereas persons committed by the Probate Court are, on appeal, entitled to a jury trial *de novo*.

In our view, the record contains neither allegation nor proof of any fact which would warrant us considering and deciding appellant's claim that the particular Code section is unconstitutional. It is well settled that the constitutionality of a statute may not be questioned by one whose rights are not invaded and injuriously affected thereby. See cases collected in West's South Carolina Digest, Constitutional Law, —42.

"The constitutionality of a statute is to be considered in the light of the standing of the party who seeks to raise the question and of its particular application; and a person may challenge the constitutionality of a statute only when and as far as it is being, or is about to be, applied to his disadvantage." 16 C. J. S. Constitutional Law § 76, p. 226.

The appellant has neither alleged nor sought to prove his sanity either at the time of his commitment or at the time of the hearing below. He has not even sought a hearing as to his sanity by a judge, jury or otherwise. He has not alleged nor sought to prove that he is mentally competent to stand trial on the various criminal charges, or that he is capable in the slightest degree of assisting in his own defense. He did not seek a trial on any of the criminal charges and asked only for his absolute release.

He was represented at the hearing by a duly appointed guardian *ad litem* and appointed counsel, both of them capable and experienced attorneys. He was given an opportunity to offer evidence in his behalf, but declined. The only

witness was a doctor from the State Hospital who had personally attended appellant for some months, he being called by the State. This witness was cross examined by the guardian *ad litem,* by appointed counsel and by appellant himself. The undisputed facts in the record are that the appellant unfortunately has been and still is insane, suffering from dementia praecox (schizophrenia) paranoid type. The uncontradicted testimony confirms that there has been no improvement in his mental condition and that he is dangerous to himself and the community. All of the evidence is to the effect that he is mentally unable to stand trial or assist in his own defense. The doctor testified in detail as to underlying facts forming the basis of his opinion in this particular.

Under the foregoing facts and circumstances appellant is simply in no position to challenge the constitutionality of Code Sec. 32-970. A person who does not seek or desire a judicial or jury hearing as to his sanity is in no position to complain that the statute does not specifically provide therefor.

Appellant relies, *inter alia,* on the decision in *Miller v. Blalock* (4th Cir. 1969), 411 F. (2d) 548. There are some similarities between the *Miller* case and the instant case, but also there are distinguishing factors. It is sufficient to say that the hearing accorded the appellant below substantially met every requirement of the *Miller* decision. We find no error and the judgment of the lower court is, accordingly,

Affirmed.