487 S.E.2d 181

**The STATE, Respondent,**

v.

**Robert Lewis CONYERS, Appellant.**

**No. 24630.**

Supreme Court of South Carolina.

Heard March 6, 1996.

Decided June 9, 1997.

Rehearing Denied July 10, 1997.

Assistant Appellate Defender Lesley M. Coggiola, Columbia, for appellant.

Attorney General Charles Molony Condon, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Robert F. Daley, Columbia, and Solicitor Wade S. Kolb, Jr., Sumter, for respondent.

MOORE, Justice:

Appellant pled guilty to murder, two counts of assault and battery with intent to kill, first degree criminal sexual conduct, and first degree burglary. After a sentencing hearing, the trial judge sentenced appellant to death. We affirm.

### FACTS

On the night of November 24, 1991, appellant broke into the Sims's home through a bathroom window. When Mrs. Sims entered her bedroom with her two-year-old daughter, Kimberly, appellant attacked Mrs. Sims with a blunt instrument. He beat her breaking nearly every bone in her face. He raped her and inflicted a six-inch tear in her vagina with a foreign object. During the assault, Mrs. Sims was blinded but could hear Kimberly calling for her. Appellant beat Kimberly to death. He then went into another bedroom where the Sims's five-year-old son, Ronnie, was sleeping and beat him severely on the head. Mr. Sims found his family when he came home from work sometime later.

At the sentencing hearing, the State introduced evidence of other crimes to which appellant had also pled guilty. On August 5, 1989, appellant raped and stabbed to death Nancy

Harrington at her home. On November 29, 1991, five days after the assault on the Sims family, appellant broke into the home of Etha Mae Thompson while she was watching television. Appellant beat her in the face using a board with nails in it. Ms. Thompson was beaten to the point that her left eye came out of its socket. Appellant raped her twice and forced her to perform fellatio twice before she escaped half-naked from the house.

On February 22, 1992, appellant broke into the home of Carolyn Hilton. Ms. Hilton was not at home. That same night, he broke into the home of Michelle Merchant. He tried to rape her. In the ensuing fight, he stabbed her in the shoulder and arm and beat her in the face with an object, breaking her jaw and knocking out teeth. Appellant was finally apprehended a few days later.

All of the above crimes were committed while appellant was between the ages of fourteen and seventeen years.[1] During this entire period, he attended high school and participated in sports and church activities as usual. He was sixteen at the time he committed the capital murder now before the Court and nineteen at the time this death sentence was imposed.

## ISSUE

Is South Carolina's death penalty unconstitutional as applied to individuals under seventeen years of age?

## DISCUSSION

Appellant claims a violation of the Eighth Amendment's prohibition against cruel and unusual punishment because South Carolina's statutory scheme allows for a child[2] charged with murder to be tried as an adult under S.C.Code Ann. § 20–7–430(6) (Supp.1995), thereby potentially exposing a child to a death sentence.

---

1. Appellant was born January 6, 1975.

2. A "child" is defined as a person under seventeen years for purposes of jurisdiction in a criminal case. *See* S.C.Code Ann. § 20–7–390 (1985) (subsequently amended).

■ First, this argument was not made below and is not preserved on appeal. *State v. Hudgins,* 319 S.C. 233, 460 S.E.2d 388 (1995).

■ Further, the United States Supreme Court has held the death penalty constitutional under the Eighth Amendment where it is applied to a person sixteen years or older at the time of the offense. *Stanford v. Kentucky,* 492 U.S. 361, 109 S.Ct. 2969, 106 L.Ed.2d 306 (1989). Appellant was sixteen at the time of the offense for which he was sentenced to death and therefore the death penalty is constitutional as applied to him. It is well-settled that the constitutionality of a statute may not be questioned by one whose rights are not invaded and injuriously affected thereby. *Schneider v. State,* 255 S.C. 594, 180 S.E.2d 340 (1971); *see also Whitmore v. Arkansas,* 495 U.S. 149, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990) (one must establish standing to assert an Eighth Amendment challenge by showing an injury in fact in order to invoke jurisdiction of federal courts). We conclude appellant has no standing to assert this issue.

Finally, appellant relies on *State v. Furman,* 122 Wash.2d 440, 858 P.2d 1092 (1993). In *Furman,* without addressing the issue of standing, the Washington state supreme court vacated the death sentence of an eighteen-year-old because the state statutory scheme allowed a child under sixteen to be tried as an adult and potentially sentenced to death. The court concluded it must declare a death sentence for a juvenile, even one *over* sixteen, to be unconstitutional. 858 P.2d at 1103. We find *Furman* unpersuasive at best. The *Furman* court failed to apply the rule of statutory construction restricting a court from construing a statute to do that which is unconstitutional. *See Gilstrap v. South Carolina Budget and Control Bd.,* 310 S.C. 210, 423 S.E.2d 101 (1992). Further, *Furman* conflicts with the Supreme Court's decision in *Stanford, supra,* since that case also involved a state statute that allowed a juvenile under sixteen years of age to be tried as an adult.[3]

---

**3.** *Stanford* involved two state court decisions: one from Kentucky and one from Missouri. The Missouri statutory scheme allowed individuals between fourteen and seventeen years of age who committed felonies to

We have reviewed the record and conclude imposition of the death sentence in this case was not the result of passion, prejudice, or any other arbitrary factor. Further, the evidence supports the findings of aggravating circumstances and the death sentence is not excessive or disproportionate to the penalty imposed in similar cases. S.C.Code Ann. § 16–3–25(C) (1985); *see State v. Nance,* 320 S.C. 501, 466 S.E.2d 349 (1996). Accordingly, the judgment of the circuit court is

**AFFIRMED.**

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.

be tried as adults. 492 U.S. at 366–67, 109 S.Ct. at 2973–74, 106 L.Ed.2d at 316–17.