THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Christopher Vaughn, Petitioner
 v.
 State of South Carolina, Respondent
 
 
 

Appeal from Greenville County
 John C. Few, Circuit Court Judge

Unpublished Opinion No. 2006-UP-153
Submitted March 1, 2006  Filed March 13, 2006

APPEAL DISMISSED

 
 
 
 Assistant Appellate Defender Robert M. Pachak, Office of Appellate Defense, of Columbia, for Petitioner.
 Attorney General Henry Dargan McMaster, Chief Deputy  Attorney  General John W.  McIntosh, Assistant   Deputy   Attorney Salley W. Elliott     and Assistant Attorney General Karen Ratigan, Office of the Attorney General, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR).
We find the only evidence in the record indicates Petitioner was never informed of his right to an appeal.  Therefore, because Petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari and proceed with a review of the direct appeal issue pursuant to Davis v. State, 288 S.C. 290, 342 S.E.2d 60 (1986).
Petitioner contends the trial judge erred in denying his motion for a directed verdict of acquittal on the charge of distribution of crack cocaine.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  State v. Conyers, 326 S.C. 263, 266, 487 S.E.2d 181, 183 (1997) (finding an issue must be raised to and ruled upon by trial judge to be preserved for appellate review);  State v. Gaster, 349 S.C. 545, 555, 564 S.E.2d 87, 92 (2002) (On an appeal from the trial courts denial of a motion for a directed verdict, the appellate court may only reverse the trial court if there is no evidence to support the trial courts ruling.);  State v. McHoney, 344 S.C. 85, 97, 544 S.E.2d 30, 36 (2001) (On appeal from the denial of a directed verdict, an appellate court must view the evidence in the light most favorable to the State.  If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, we must find the case was properly submitted to the jury.).   
APPEAL DISMISSED. 
BEATTY, SHORT, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.