THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Myron Williams, Appellant.
 
 
 

Appeal From Richland County
 Reginald I. Lloyd, Circuit Court Judge

Unpublished Opinion No. 2006-UP-167   
Submitted January 1, 2006  Filed March 20, 2006 

AFFIRMED

 
 
 
Acting Deputy Chief Attorney Wanda H. Carter, Office of Appellate Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
Assistant Attorney General Deborah R. J. Shupe, Office of the Attorney General, of Columbia; Warren Blair Giese, Fifth Circuit Solicitors Office, of Columbia, for Respondent.
 
 
 

PER CURIAM: Myron Williams appeals his convictions for criminal sexual conduct with a minor who is at least eleven years of age but less than fourteen years of age, and criminal sexual conduct with a minor who is at least fourteen years of age but less than sixteen years of age, for which he received consecutive sentences of twenty years in prison, suspended on the service of five years probation, and twenty years in prison, respectively.  Williams argues the trial court erred in admitting a pornographic video into evidence and erred in failing to grant his motion for a mistrial.   We affirm.[1]  
FACTS
On September 6, 2002, Bridgett Williams (Daughter), a student at Eau Claire High School, was caught partially undressed with a male student in a locker room.  Anna Downs, the school guidance counselor, interviewed Daughter about the incident.  Daughter told Downs that the last person she had sex with was her daddy, Myron Williams.  Downs then called DSS, the school resource officer, and made all the necessary reports. 
In the following days, an investigation corroborated Daughters account of abuse by her father.  The Richland County Grand Jury indicted Williams on two counts of second-degree criminal sexual conduct with a minor. 
At trial, Daughter, then sixteen years old, testified that Williams started touching her private when she was eight to ten years old.  The sexual contact included oral sex, digital penetration, and sexual intercourse.    Daughter testified the incidents occurred more than once a month and continued until she was fifteen.  Daughter also testified, without objection, that during the times of the incidents, they would watch pornographic movies. 
Beverly Conyers, an investigator with the Columbia Police Department, testified she interviewed Daughter on September 6, 2002.   Daughter informed Conyers that Williams began assaulting her when she was around ten or eleven, the assaults occurred about four times a month, and the assaults were ongoing.  Daughter indicated that the last time she had sex with Williams was September 4, 2002.    
Conyers interviewed Williams on September 11, 2002.  Williams admitted to having sex with Daughter one time about a year before.  
Conyers questioned Williams about a video Daughter stated he had shown her during some of the incidents.  Williams informed Conyers that he had an R rated DVD from Blockbuster entitled Crimes of Passion in his truck, and he described the cover of the video.  The State sought to introduce a synopsis of the video found on Blockbusters website and an X rated copy of the movie matching Williamss description.  Williams objected to the admission of the video and the synopsis arguing they were irrelevant and prejudicial.  The court held both pieces of evidence could be admitted based on earlier testimony.  
On cross examination, Conyers was extensively questioned about her investigation and testified that she spoke with [Williamss] sister who said hes a pervert.  After this testimony, defense counsel asked to approach the bench, and a brief bench conference was held.  Defense counsel then made an objection to the statement on the record and made a motion to strike the testimony as nonresponsive.  The court sustained the objection and instructed the jury to disregard the statement.  The State then asked to discuss the matter outside the presence of the jury.  After a brief discussion, the trial court informed defense counsel:

I think you wanted to make a motion for a mistrial. I dont know if thats what you still want to do.  I will instruct the jury that they should disregard the last statement . . . . Ill tell them to disregard the last statement again and let you continue, counsel.  Im not going to grant a mistrial on that.

Defense counsel responded, Thank you.   After a brief recess, the jury was brought back to the courtroom, and the trial resumed.   
Williams was found guilty of criminal sexual conduct with a minor who is at least eleven years of age but less than fourteen years of age and criminal sexual conduct with a minor who is at least fourteen years of age but less than sixteen years of age, for which he received consecutive sentences of twenty years, suspended on the service of five years probation, and twenty years incarceration, respectively.  This appeal followed.       
LAW/ANALYSIS
I.                 
Admission of Pornographic Video 
Williams argues the trial court erred in allowing a pornographic videotape into evidence because it was irrelevant, prejudicial, and inadmissible prior bad act evidence.  We disagree. 
[T]he admission of evidence is a matter addressed to the sound discretion of the trial judge and absent clear abuse of discretion amounting to an error of law, the lower courts ruling will not be disturbed on appeal.  Hofer v. St. Clair, 298 S.C. 503, 513, 381 S.E.2d 736, 742 (1989).  An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion without evidentiary support.  Conner v. City of Forest Acres, 363 S.C. 460, 467, 611 S.E.2d 905, 908 (2005).  To warrant reversal based on the admission or exclusion of evidence, the appellant must prove both the error of the ruling and the resulting prejudice, i.e., there is a reasonable probability the jurys verdict was influenced by the wrongly admitted or excluded evidence.  Id.
All relevant evidence is admissible.  State v. Pagan, 357 S.C. 132, 142, 591 S.E.2d 646, 651 (Ct. App. 2004) (cert. granted Oct. 10, 2005).  Relevant evidence is defined as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Rule 401, SCRE.  Under Rule 401, SCRE, evidence is relevant if it has a direct bearing upon and tends to establish or make more or less probable the matter in controversy.  State v. Adams, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003).
We find the video is relevant.  Daughter testified that Williams would play pornos while the sexual assaults occurred.  Thus, evidence Williams possessed a movie of a sexual nature during this period tends to make the alleged sexual assaults more probable.  
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  Rule 403, SCRE; see also, State v. Alexander, 303 S.C. 377, 382, 401 S.E.2d 146, 149 (1991) (holding relevant evidence may be excluded where its probative value is substantially outweighed by the danger of unfair prejudice). 
The record indicates the pornographic video in question was allegedly viewed during the sexual assaults.  Thus, the video is highly probative of the alleged crimes and was properly admitted.  Because of the connection between the act and the viewing of the video, we do not find the trial court abused its discretion in admitting the video.   
Williams contends the evidence of the video was evidence of a prior bad act and improperly admitted to show Williamss propensity to commit the alleged crime.  We find this issue is not preserved for review because, at trial, Williams never argued the video constituted prior bad act evidence. 
See State v. Conyers, 326 S.C. 263, 266, 487 S.E.2d 181, 183 (1997) (explaining that an issue must be raised to and ruled upon by the trial judge to be preserved for appellate review).  
II.              
Denial of Motion for Mistrial 
Williams alleges the trial court erred in denying his motion for a mistrial pursuant to prejudicial testimony characterizing Williams as a pervert.  We find this issue is not preserved for review.
A party must make a contemporaneous objection to the sufficiency of a curative instruction to preserve alleged error for review.  State v. Jones, 325 S.C. 310, 316, 479 S.E.2d 517, 520 (Ct. App. 1996).  An instruction to disregard incompetent evidence or the withdrawal of such evidence usually is deemed to have cured the error in its admission unless on the facts of the particular case it is probable that notwithstanding such instruction or withdrawal the accused was prejudiced.  State v. Craig, 267 S.C. 262, 268, 227 S.E.2d 306, 309 (1976).  Here, Williams failed to object, on the record, to the trial courts curative instruction, and thus, this issue is not preserved. 
CONCLUSION
Based on the above, we find the trial court did not err in admitting the pornographic video.  We further find Williams failed to preserve any issue he had with regard to his motion for a mistrial. The decision of the trial court is accordingly 
 AFFIRMED.
HEARN, C.J., and HUFF and BEATTY, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.