THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Joseph Eubanks, Appellant.
 
 
 

Appeal From Aiken County
 Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2007-UP-118
Submitted March 1, 2007  Filed March 14, 2007  

AFFIRMED

 
 
 
Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.
Teresa A Knox, S.C. Dept. of Probation Parole & Pardon, of Columbia, for Respondent.
 
 
 

PER CURIAM: Joseph Eubanks appeals the revocation of his probation, arguing the circuit court erred by not making a finding his probation violation was willful.  We affirm.[1]
FACTS
Eubanks pleaded guilty to third-degree burglary in November 2001.  He was sentenced to four years, suspended upon ninety-six days credit for time served and two years probation.  Eubanks stopped reporting to his probation officer in April of 2002, and his revocation hearing was held on January 16, 2006.  
At the revocation hearing, Eubanks attorney explained that Eubanks failure to report coincided with the birth of his child.  Eubanks had been behind on paying his supervision fees, and he worried that his probation would be revoked.  He later turned himself in because he knew that [the violation] was out there.  It was going to happen sometime, and he just, basically, wanted to get it over with . . . . The circuit court revoked three years of the suspended sentence, terminated Eubanks probation, and converted his past due fees into a civil judgment.  This appeal followed.
LAW/ANALYSIS
Eubanks argues the circuit court erred in revoking his probation without making a finding that his violation was willful.  We find this issue is not preserved for our review. 
At the revocation hearing, Eubanks did not contest the violations of his probation.  Because the issue of willfulness was never raised to the circuit court, we cannot now consider this argument on appeal.  See State v. Conyers, 326 S.C. 263, 266, 487 S.E.2d 181, 183 (1997) (holding that an issue must be raised to and ruled upon by circuit court to be preserved for appellate review); cf. State v. Hamilton, 333 S.C. 642, 648, 511 S.E.2d 94, 98 (Ct. App. 1999) (finding appellants argument that his probation violation was not willful was preserved for appeal because the essence of defense counsels argument at the revocation hearing was that the violation was not willful because [appellant] believed his probationary period had terminated).
 AFFIRMED.
HEARN, C.J., and GOOLSBY and STILWELL, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.