**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Chas Lamous Smith, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2012-212086

———————————

Appeal From Cherokee County
Frank R. Addy, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-271
Submitted May 1, 2014 – Filed June 30, 2014

———————————

**AFFIRMED**

———————————

Beattie B. Ashmore, of Beattie B. Ashmore, P.A., of Greenville, for Petitioner.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Suzanne Hollifield White, all of Columbia, for Respondent.

———————————

**PER CURIAM:** Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR).

We find evidence supports the PCR court's dismissal of Petitioner's claims of ineffective assistance of counsel; accordingly, we deny certiorari as to Petitioner's Questions One through Four. *See Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008) ("On appeal, the PCR court's ruling should be upheld if it is supported by any evidence of probative value in the record.").

We find evidence supports the PCR court's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal; accordingly, we grant certiorari on Petitioner's Question Five and proceed with a review of the direct appeal issues pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

Petitioner appeals his convictions for accessory after the fact to first-degree burglary and armed robbery, arguing the sentences should be vacated because (1) the plea court abused its discretion by not explaining why Petitioner received a longer sentence than that of a co-conspirator Petitioner alleges is more culpable than himself, and (2) his sentence violates the Eighth Amendment of the United States Constitution's prohibition against cruel and unusual punishment because it is disproportionate to the severity of his crime. However, Petitioner did not object to the sentences at his plea hearing. We therefore find Petitioner did not preserve these issues for our review. *See State v. Johnston*, 333 S.C. 459, 462, 510 S.E.2d 423, 425 (1999) ("[A] challenge to sentencing must be raised at trial, or the issue will not be preserved for appellate review."); *State v. Conyers*, 326 S.C. 263, 266, 487 S.E.2d 181, 183 (1997) (holding appellant's argument that his sentence constituted cruel and unusual punishment was unpreserved because the issue was not raised to the trial court).

**AFFIRMED.**[1]

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.