THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Samuel Keith Jackson, Petitioner
v.
State of South Carolina,
Respondent
 
 
 

Appeal From Dillon County
 James E. Lockemy, Circuit Court Judge

Unpublished Opinion No. 2006-UP-215
Submitted March 27, 2006  Filed April 18, 2006

APPEAL DISMISSED

 
 
 
Acting Deputy Chief Attorney Wanda P. Hagler, Office of Appellate Defense, of Columbia,  for Petitioner.
Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott and Assistant Attorney General Christopher L. Newton, Office of the Attorney General, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Petitioner seeks a writ of certiorari from the partial grant and partial denial of his application for post-conviction relief (PCR).[1]
Because there is sufficient evidence to support the PCR judges finding that petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari on petitioners Question I and proceed with a review of the direct appeal issue pursuant to Davis v. State, 288 S.C. 290, 342 S.E.2d 60 (1986).  
After a thorough review of the record and counsels brief pursuant to Anders v. California, 386 U.S. 738 (1967) and State v. Williams, 305 S.C. 116, 406 S.E.2d 357 (1991), we dismiss[2] Jacksons appeal and grant counsels motion to be relieved. 
APPEAL DISMISSED. 
 BEATTY, SHORT, and WILLIAMS, JJ., concur.

[1] Petitioner has raised six claims of ineffective assistance of counsel in his petition for writ of certiorari.  The PCR court granted relief with regards to Petitioners Question IV, which asserts counsel was ineffective for failing to object to Petitioners sentence or failing to clarify the consequences of the sentence as imposed by the trial judge.  Because resentencing was properly ordered as a result of counsels ineffectiveness, and Petitioner has not sought additional relief, it was not necessary for Petitioner to seek a writ of certiorari as to this issue.  The State has not petitioned for a writ of certiorari.  We deny certiorari on Petitioners Questions of ineffective assistance of counsel.
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.