**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Supreme Court

Maurice Glover, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2015-001686

———————

Appeal From Sumter County
R. Ferrell Cothran, Plea Judge
George C. James, Jr., Post-Conviction Relief Judge

———————

Memorandum Opinion No. 2017-MO-006
Submitted March 31, 2017 – Filed April 26, 2017

———————

### DISMISSED

———————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Petitioner.

Attorney General Alan Wilson and Assistant Attorney General Julie Amanda Coleman, both of Columbia, for Respondent.

———————

**PER CURIAM:**   Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR).[1]

The petition for a writ of certiorari is denied on petitioner's Question 2.  Because there is sufficient evidence to support the PCR judge's finding that petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari on petitioner's Question 1, dispense with further briefing, and proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

We dismiss this matter pursuant to Rule 220(b)(1), SCACR, after review pursuant to *Anders v. California*, 386 U.S. 738 (1967).  Counsel's motion to be relieved is granted.

**DISMISSED.**

**BEATTY, C.J., KITTREDGE, HEARN and FEW, JJ., concur.  JAMES, J., not participating.**

---

[1] Counsel for petitioner filed the petition for a writ of certiorari pursuant to *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).  We remind the Division of Appellate Defense, as we have previously, that a *Johnson* petition is improper where the PCR judge finds an applicant is entitled to a belated review of any direct appeal issues.  Rule 243(i)(1), SCACR.  Despite the erroneous filing, we have considered the merits of the petition.