**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Demetrius Simmons, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2017-000057

———————

**ON WRIT OF CERTIORARI**

———————

Appeal From Greenville County
The Honorable C. Victor Pyle
The Honorable John C. Hayes, III, Post-Conviction
Judge

———————

Opinion No. 2019-MO-012
Submitted January 8, 2019 – Filed February 27, 2019

———————

**REVERSED**

———————

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Petitioner.

Attorney General Alan Wilson and Assistant Attorney General Megan Harrigan Jameson, both of Columbia, for Respondent.

**PER CURIAM:** Petitioner seeks a writ of certiorari to review the denial of his application for post-conviction relief (PCR). We grant the petition for a writ of certiorari, dispense with further briefing, and reverse the order of the PCR court.

Petitioner contends he did not voluntarily waive his right to an appeal. He argues defense counsel erred in failing to take the appropriate steps to ensure petitioner's right to have his case reviewed on appeal. The State concedes petitioner is entitled to a belated review of his direct appeal issues pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974), because the record does not support the PCR court's finding that petitioner knowingly and intelligently waived his right to a direct appeal. We agree.

Following a trial, counsel is required to make certain the defendant is made fully aware of the right to appeal. *See White*, 263 S.C. at 118, 208 S.E.2d at 39. In the absence of an intelligent waiver by the defendant, counsel must either initiate an appeal or comply with the procedure in *Anders v. California*, 386 U.S. 738 (1967). *Id*.

We find the record does not support the conclusion that petitioner knowingly and intelligently waived his right to a direct appeal. We, therefore, reverse the denial of petitioner's PCR application. *See Lowry v. State*, 376 S.C. 499, 504, 657 S.E.2d 760, 763 (2008) ("If no probative evidence exists to support the PCR court's findings, this Court will reverse."). We transfer the direct appeal issues to the court of appeals to review pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

**REVERSED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**