86-283

Johnny Frank DAVIS, Petitioner v. STATE of South Carolina, Respondent.
(342 S. E. (2d) 60)

Supreme Court

April 23, 1986.

ORDER

Petitioner seeks a writ of certiorari from the denial of post-conviction relief, alleging that he did not knowingly and intelligently waive the right to a direct appeal from his criminal conviction and seeking review of the issues arising from his trial. *See White v. State*, 263 S. C. 110, 208 S. E. (2d) 35 (1974). The post-conviction relief judge indicated that Petitioner may not have waived this right, and Respondent now concedes that Petitioner is entitled to a *White v. State* review of any direct appeal issues. We, therefore, grant certiorari and order full briefing of any issues that could have been raised in a direct appeal of Petitioner's conviction.

Further, Petitioner and Respondent have joined in a petition seeking procedural guidelines to be followed in post-conviction relief cases where the knowing and intelligent

waiver of the right to a direct appeal is at issue. Accordingly, we adopt the following procedure in such cases.

1. When the post-conviction relief judge has affirmatively found that the right to a direct appeal was not knowingly and intelligently waived,[1] the applicant may petition for a writ of certiorari pursuant to Supreme Court Rule 50, § 9. All post-conviction relief issues, including the waiver of a direct appeal, must be raised and argued in the Petition according to the guidelines set forth in Rule 50, § 9(b). The Petition shall include a list of exceptions regarding the direct appeal issues.
2. On the date the Petition is served, Petitioner shall also serve and file a brief addressing all direct appeal issues. The brief shall comply with the requirements of Supreme Court Rule 8.
3. The Appendix accompanying the Petition shall include, in addition to the requirements of Rule 50, § 9(c), a complete transcript of the criminal trial or plea proceeding.
4. Respondent's Return to the Petition shall be served and filed in accordance with Rule 50, § 9(d), and shall address only the post-conviction relief issues, including the waiver issue.
5. On the date the Return is served, Respondent shall also serve and file a brief addressing the direct appeal issues raised in Petitioner's brief.
6. In cases in which the post-conviction relief judge finds that the applicant is *not* entitled to a *White v. State* review, the same procedure shall be followed except that the applicant shall not file a brief addressing the direct appeal issues unless certiorari is granted on the *White v. State* issue.

This case has proceeded beyond the time limits established in these guidelines. Therefore, the parties will brief the direct appeal issues according to the following briefing schedule.

---

[1] Even where the post-conviction relief judge makes this finding, he may not grant relief on this basis. Instead, the applicant must petition this Court for a *White v. State* review.

Petitioner shall serve and file his brief of trial issues within thirty (30) days of the date of this order. The first page of his brief shall be a list of the exceptions to be argued. Within thirty (30) days after Petitioner's brief is served, Respondent shall serve and file its brief.

It is so ordered.