THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Travis L.
 Allen, Petitioner
 v.
 State of South Carolina, Respondent
 
 
 

Appeal From Greenville County
John C. Few, Plea Judge
 D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No. 2007-UP-359
 Submitted June 29, 2007  Filed August 8,
 2007    

AFFIRMED

 
 
 
 Deputy Chief Attorney Wanda H. Carter, of Columbia, for Petitioner.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Karen Ratigan, of Columbia, for Respondent.
 
 
 

PER CURIAM: Petitioner seeks a writ of certiorari from the partial
 grant and partial denial of his application for post-conviction relief (PCR).[1]
Because there is
 sufficient evidence to support the PCR judges finding that petitioner did not
 knowingly and intelligently waive his right to a direct appeal, we grant
 certiorari on petitioners Question I and proceed with a review of the direct
 appeal issue pursuant to Davis v. State, 288 S.C. 290, 342 S.E.2d 60
 (1986).  
We
 find no merit to Allens argument that the plea judge failed to advise Allen of
 his right to confront accusers.  The plea judge specifically informed Allen
 that by pleading guilty, he was giving up his right to confront witnesses
 called by the State against [him].  Accordingly, Allens conviction for murder
 is 
AFFIRMED. 
HEARN, C.J., and
 HUFF and KITTREDGE, JJ., concur.
 

[1]  Allen argues his plea was not voluntarily made.  The
 PCR judge rejected this argument finding Allens testimony was not credible. 
 Furthermore, the record from the guilty plea establishes that Allen entered a
 free, voluntary, and knowing plea.  Because there is evidence in the record to
 support the PCR judges decision, we deny certiorari on Allens allegation his
 plea was involuntarily made.  Caprood v. State, 338 S.C. 103, 109-10,
 525 S.E.2d 514, 517 (2000) (explaining that the existence of any evidence is
 sufficient to uphold the PCR judges ruling).