THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Freddie Edwards, Appellant,
 
 
 
 
 

v.

 
 
 
 
 The State of South
 Carolina, Respondent.
 
 
 
 
 

Appeal From Greenwood County
Cordell M. Maddox, Circuit Court Judge
William P. Keesley, PCR Judge

Unpublished Opinion No. 2010-UP-173
 Submitted February 1, 2010 - Filed March
1, 2010    

REVERSED AND REMANDED

 
 
 
 C. Rauch Wise, of Greenwood, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, and Assistant Attorney General Ashley A. McMahan, all of
 Columbia, for Respondent.
 
 
 

PER CURIAM: Freddie Edwards seeks a writ of certiorari from the denial
 of his application for post-conviction relief (PCR).  Because evidence supports the PCR court's
 finding that Edwards did not knowingly and intelligently waive his right to a
 direct appeal, we grant certiorari and proceed with a review of the direct
 appeal issue pursuant to Davis v. State, 288 S.C. 290, 342 S.E.2d 60
 (1986), and White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974).
Edwards appeals
 the trial court's determination he was not entitled to an involuntary
 manslaughter charge.  We find the evidence presented at trial warranted the
 requested involuntary manslaughter charge.  Accordingly, we reverse[1] and remand Edwards's case for a new
 trial pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v. Burriss, 334 S.C. 256, 262, 513
 S.E.2d 104, 108 (1999) ("[T]he law to be charged is determined from
 the evidence presented at trial . . . ."); Id. ("The trial
 court commits reversible error if it fails to give a requested charge on an
 issue raised by the evidence."); State v. Mekler, 379 S.C. 12, 17,
 664 S.E.2d 477, 479 (2008) (holding the defendant in a murder trial was
 entitled to an involuntary manslaughter charge because evidence was presented
 to support the charge).  
REVERSED AND REMANDED.
PIEPER and GEATHERS,
 JJ., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.