THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Herman
 Eugene Langley, Petitioner, 
 v.
 State
 of South Carolina, Respondent.
 
 
 

Appeal From Lancaster County
Costa M. Pleicones, Trial Judge
Paul E. Short, 1st Post-Conviction Relief Judge
Brooks P. Goldsmith, 2nd Post-Conviction Relief Judge

Unpublished Opinion No. 2010-UP-374
Submitted July 1, 2010  Filed July 26, 2010
AFFIRMED

 
 
 
 Appellate Defender Robert M. Pachak, of Columbia, for Petitioner.
 Attorney
 General Henry D. McMaster, Chief Deputy Attorney John W. McIntosh, Assistant
 Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Michelle Parsons Kelley, all of Columbia; and Solicitor Douglas A. Barfield,
 of Lancaster, for Respondent. 
 
 
 

PER
 CURIAM:  Petitioner seeks a writ of certiorari from
 the denial of his application for post-conviction relief (PCR).  
Because there is sufficient evidence to support the PCR court's
 finding that Petitioner did not knowingly and intelligently waive his right to
 a direct appeal, we grant certiorari and proceed with a belated review of the
 direct appeal issue pursuant to Davis v. State, 288 S.C. 290, 342 S.E.2d
 60 (1986).  
Petitioner
 appeals his conviction for armed robbery, arguing the trial court erred in admitting
 two guns into evidence that were not relevant to his armed robbery charge.  We affirm.[1] 
 The two guns owned by Petitioner's uncle served as relevant circumstantial
 evidence proving Petitioner had access to and temporary possession of weapons
 on the day of the armed robbery, and the trial court correctly limited
 admissibility of the guns for that purpose.  See State v. Morris,
 376 S.C. 189, 205, 656 S.E.2d 359, 368 (2008) ("The admission or exclusion
 of evidence is left to the sound discretion of the trial court, and the court's
 decision will not be reversed absent an abuse of discretion."); Rule 401,
 SCRE ("'Relevant evidence' means evidence having any tendency to make the
 existence of any fact that is of consequence to the determination of the action
 more probable or less probable than it would be without the evidence.").  
AFFIRMED.
FEW, C.J., HUFF
 and THOMAS, JJ., concur.   

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.