THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Fredy DeLeon, Petitioner,
v.
State of South Carolina, Respondent.
 
 
 

Appeal From Edgefield County
William P. Keesley, Trial Judge
R. Knox McMahon, Post-Conviction Relief
 Judge

Unpublished Opinion No. 2011-UP-418
Submitted September 1, 2011  Filed
 September 9, 2011 

AFFIRMED

 
 
 
Tricia A. Blanchette, of Columbia, for Petitioner.
Attorney General Alan Wilson, Chief Deputy Attorney General John
 W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant
 Attorney General Daniel E. Grigg, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Pursuant to Davis v. State, 288 S.C. 290, 342
 S.E.2d 60 (1986) and White v. State,
 263 S.C. 110, 208 S.E.2d 35 (1974), by
 order filed November 1, 2010, this court granted certiorari and a belated
 direct appeal.
On
 appeal, DeLeon asserts the trial court
 erred in refusing to grant a new trial based on an allegation of juror
 misconduct due to an external influence.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authority:  State v.
 Zeigler, 364 S.C. 94, 108, 610 S.E.2d 859, 866 (Ct. App. 2005)
 ("On appeal, the denial of a new trial motion will be disturbed only upon
 a showing of an abuse of discretion."); id. ("A denial of a
 new trial based on alleged jury
 misconduct is reviewed for an abuse of
 discretion."); id. ("The trial court has broad discretion in
 assessing allegations of juror misconduct."); id. ("Unless the misconduct affects the jury's impartiality, it is not such
 misconduct as will affect the verdict.").  
AFFIRMED. 
SHORT,
 WILLIAMS, and LOCKEMY, JJ., concur. 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.