**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Courtney Sease, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2011-203230

———————————

Appeal From Hampton County
Perry M. Buckner, Trial Judge
D. Craig Brown, Post-Conviction Relief Judge

———————————

Memorandum Opinion No. 2013-MO-025
Submitted September 4, 2013-Filed September 11, 2013

———————————

**AFFIRMED**

———————————

Appellate Defender Susan Barber Hackett, of Columbia, for Petitioner.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Ashleigh Rayanna Wilson, of Columbia, for Respondent.

———————————

**PER CURIAM:** This matter is before the Court by way of a petition for a writ of certiorari, filed pursuant to *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988), from an order of the circuit court denying petitioner's application for post-conviction relief (PCR), but finding petitioner is entitled to a belated review of his direct appeal issues pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974). Counsel has also filed a motion to be relieved as counsel and a brief pursuant to *White v. State*. Petitioner has filed a *pro se* brief pursuant to *White v. State*.

Initially, we find the filing of a *Johnson* petition in this matter, or in any matter in which the PCR judge has found the applicant is entitled to a belated review of his direct appeal issues pursuant to *White v. State*, is improper. In *Johnson*, this Court approved the use of the procedure set forth in *Anders v. California*, 386 U.S. 738 (1967), in *meritless* PCR appeals. In *Anders*, the United States Supreme Court instructed that the procedure set forth therein should be used only when counsel finds the appeal to be "wholly frivolous." Here, the appeal is neither meritless nor wholly frivolous because the PCR judge found petitioner is entitled to a belated review of his direct appeal issues.

Moreover, Rule 243(i)(1), SCACR, requires counsel to raise this issue to the Court when the PCR judge affirmatively finds an applicant is entitled to a belated review of his direct appeal issues. *See also Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986). Here, counsel failed to include the question in the petition for a writ of certiorari.

However, because the *Johnson* procedure requires us to review the entire record for issues of merit, we may reach the question of whether the PCR judge correctly concluded petitioner is entitled to a belated review of his direct appeal issues.

Because there is sufficient evidence to support the PCR judge's finding that petitioner did not knowingly and intelligently waive his right to a direct appeal, we deny counsel's request to be relieved, dispense with the filing of a merits petition and brief addressing the issue, and proceed with a belated review of petitioner's direct appeal issue pursuant to *Davis*. We deny the petition for a writ of certiorari as to the question raised in the *Johnson* petition.

We affirm petitioner's convictions and sentences pursuant to Rule 220(b)(1), SCACR, and the following authorities: Rule 804(b)(2), SCRE; *State v. McHoney*, 344 S.C. 85, 544 S.E.2d 30 (2001) (holding the necessary state of mind by a

declarant can be inferred from the facts and circumstances surrounding the declaration).

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**