**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Christopher Edward Strope, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2011-195228

Appeal From Greenville County
G. Edward Welmaker, Circuit Court Judge

Unpublished Opinion No. 2013-UP-457
Submitted October 1, 2013 – Filed December 11, 2013

**AFFIRMED**

Appellate Defender Breen Richard Stevens and Appellate Defender Benjamin John Tripp, both of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Karen Christine Ratigan, both of Columbia, for Respondent.

**PER CURIAM:** Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR).

Because there is sufficient evidence to support the PCR judge's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari and proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).  We otherwise deny the petition for writ of certiorari.

Petitioner appeals his convictions of first-degree criminal sexual conduct (CSC) with a minor and second-degree CSC with a minor, arguing the trial court erred in allowing the State to ask a leading question to the minor victim.  We affirm pursuant to Rule 220(b), SCACR, and the following authority: *State v. McHoney*, 344 S.C. 85, 99, 544 S.E.2d 30, 37 (2001) ("A leading question is one which suggests to the witness the desired answer . . . .  In order to require reversal, [the] appellant must show an abuse of discretion resulting in prejudice." (quoting *State v. Tyner*, 273 S.C. 646, 653, 258 S.E.2d 559, 563 (1979))).

**AFFIRMED.**[1]

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.