**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Tippy Marie Retana, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2012-206648

———————————

Appeal From Lee County
John Milling, Circuit Court Judge
John Milling, Post-Conviction Relief Judge

———————————

Unpublished Opinion No. 2014-UP-309
Submitted June 1, 2014 – Filed August 6, 2014

———————————

**AFFIRMED**

———————————

Appellate Defender David Alexander, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General Karen Christine Ratigan, both of Columbia, for Respondent.

———————————

**PER CURIAM:** Petitioner seeks a writ of certiorari from the denial of her application for post-conviction relief (PCR). We find evidence supports the PCR

court's finding that Petitioner did not knowingly and intelligently waive her right to a direct appeal; accordingly, we grant certiorari and proceed with a review of the direct appeal issues pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

Petitioner appeals her convictions for murder and possession of a firearm during the commission of a violent crime, arguing the trial court erred in admitting letters she wrote to a witness because the State violated Rule 5, SCRCrimP, by not disclosing the letters during discovery. We find the State did not have possession of the letters until after Petitioner's trial was underway, and it turned them over to Petitioner immediately upon receiving them from the witness. Accordingly, we find the State did not violate Rule 5, SCRCrimP, and the trial court properly admitted the letters. *See State v. McEachern*, 399 S.C. 125, 136, 731 S.E.2d 604, 609 (Ct. App. 2012) ("The admission or exclusion of evidence falls within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion."); *State v. Gulledge*, 326 S.C. 220, 226, 487 S.E.2d 590, 593 (1997) ("[I]f the prosecution does not have the material or evidence sought by the defense actually in its possession, disclosure is not required.").

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.