**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thomas E. Davis, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2017-000105

Appeal From Florence County
Edgar W. Dickson, Circuit Court Judge

Unpublished Opinion No. 2020-UP-047
Submitted January 1, 2020 – Filed February 12, 2020

**AFFIRMED**

Rose Mary Parham, of Parham Law Firm, LLC, of
Florence, for Petitioner.

Assistant Attorney General Lindsey Ann McCallister, of
Columbia, for Respondent.

**PER CURIAM:** Petitioner seeks a writ of certiorari from the denial of his
application for post-conviction relief (PCR). Because there is sufficient evidence
to support the PCR court's finding that Petitioner did not knowingly and
intelligently waive his right to a direct appeal, we grant certiorari on Petitioner's
Question One and proceed with a review of the direct appeal issues pursuant to

*Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986). We deny certiorari on Petitioner's Question Two.

On appeal, Petitioner argues the trial court erred in (1) not directing a verdict on the attempted murder charge when the State failed to prove Petitioner had a specific intent to kill as required by *State v. King*, 422 S.C. 47, 810 S.E.2d 18 (2017), and (2) charging the jury proof of implied malice was sufficient for attempted murder.[1] We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Petitioner's directed verdict motion: *State v. Kennerly*, 331 S.C. 442, 455, 503 S.E.2d 214, 221 (Ct. App. 1998) ("In reviewing a denial of directed verdict, issues not raised to the trial court in support of the directed verdict motion are not preserved for appellate review."); *id.* ("A defendant cannot argue on appeal an issue in support of his directed verdict motion when the issue was not presented to the trial court below.").

2. As to whether the trial court erred in charging the jury proof of implied malice was sufficient for attempted murder: *State v. Ford*, 334 S.C. 444, 454, 513 S.E.2d 385, 390 (Ct. App. 1999) (providing a party must object to a jury instruction to preserve error in a jury charge for appeal).

**AFFIRMED.**[2]

**LOCKEMY, CJ., and KONDUROS and HILL, JJ., concur.**

---

[1] Petitioner was acquitted of attempted murder but convicted of the lesser-included offense of assault and battery of a high and aggravated nature.
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.