**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Whaley, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2017-001610

———————

Appeal From Aiken County
Diane Schafer Goodstein, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-232
Submitted June 1, 2020 – Filed August 12, 2020

———————

**AFFIRMED**

———————

Appellate Defender Victor R Seeger, of Columbia, for Petitioner.

Attorney General Alan Wilson and Assistant Attorney General Samuel Leonard Key, of Columbia, for Respondent.

———————

**PER CURIAM:** Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR). Because there was sufficient evidence to support the PCR judge's finding that Petitioner's direct appeal was not perfected due to appellate counsel's failure to order the transcript, we grant

certiorari on Petitioner's Question One and proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986). We deny certiorari on Petitioner's Question Two.

On direct appeal, Petitioner challenges the admission into evidence of multiple printouts of Facebook messages that he was alleged to have sent to various witnesses for the State, arguing the messages were never properly authenticated. We disagree. *See* Rule 901(a), SCRE ("The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."); *State v. Green*, 427 S.C. 223, 230, 830 S.E.2d 711, 714 (Ct. App. 2019) (requiring the proponent of the evidence in dispute to make only a prima facie showing that the "true author" is who the proponent claims it to be and noting the factfinder ultimately "decides whether to accept the evidence as genuine, and if so, what weight it carries"). During Petitioner's trial, each of the three recipients of the Facebook messages testified (1) she recognized the respective message as one Petitioner sent to her, (2) the message indicated Petitioner was the sender, (3) the message was sent to her respective Facebook account, and (4) the message included a photograph of Petitioner. In addition, two of these witnesses testified a password was necessary to use a Facebook account. We hold this evidence satisfied the authentication requirement of Rule 901(a), SCRE. *See Deep Keel, LLC v. Atl. Private Equity Grp., LLC*, 413 S.C. 58, 64-65, 773 S.E.2d 607, 610 (Ct. App. 2015) (noting the authentication standard is not high and does not demand a conclusive demonstration of the genuineness of the evidence).

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.