**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael C. Kennedy, Respondent-Petitioner,

v.

State of South Carolina, Petitioner-Respondent.

Appellate Case No. 2018-000266

Appeal From Barnwell County
J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2021-UP-335
Submitted September 1, 2021 – Filed September 22, 2021

**AFFIRMED**

Senior Assistant Deputy Attorney General Megan
Harrigan Jameson, of Columbia, for
Petitioner-Respondent.

Tricia A. Blanchette, of the Law Office of Tricia A.
Blanchette, LLC, of Leesville, for Respondent-Petitioner.

**PER CURIAM:**  Michael C. Kennedy filed an application for post-conviction relief (PCR) from his sentencing hearing.  The PCR court granted Kennedy's PCR application, finding Kennedy was entitled to a new sentencing hearing based on ineffective assistance of counsel.  The PCR court also found Kennedy was entitled

to a belated direct appeal pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974). The State seeks a writ of certiorari from the granting of Kennedy's application for PCR as it relates to ineffective assistance of counsel. Kennedy seeks a writ of certiorari from the granting of his PCR application as it relates to a belated direct appeal.

Because there is sufficient evidence to support the PCR judge's finding that Kennedy did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari on Kennedy's Question Two and proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

On direct appeal, Kennedy argues the trial court abused its discretion when it reconsidered his sentence. Because counsel did not object at the sentencing hearing, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *id.* at 138, 587 S.E.2d at 693-94 ("Issues not raised and ruled upon in the trial court will not be considered on appeal.").

As to the State's petition regarding ineffective assistance of counsel, the petition for a writ of certiorari is denied.

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.