**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Leroy Glover, Jr., Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2019-000812

———————————

Appeal From Orangeburg County
Maite Murphy, Circuit Court Judge
Robert E. Hood, PCR Court Judge

———————————

Unpublished Opinion No. 2022-UP-074
Submitted January 1, 2022 – Filed February 16, 2022

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Petitioner.

Assistant Attorney General Samantha Jo Weidauer, of
Columbia, for Respondent.

———————————

**PER CURIAM:** Petitioner seeks a writ of certiorari from the grant by the
post-conviction relief (PCR) court of his request for a belated direct appeal.
Petitioner also seeks review of the PCR court's finding that trial counsel was not

ineffective for failing to contemporaneously object to the admission of a confession letter into evidence.

Because there is sufficient evidence to support the PCR court's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari and proceed with a review of Petitioner's direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986). We deny certiorari as to Question 2 of the petition.

On direct appeal, Petitioner argues the trial court erred in denying his motion to sever his trial because his codefendant informed the court that he intended to present testimony from a handwriting expert indicating Petitioner wrote the confession letter received by the solicitor's office. Because Petitioner failed to raise this argument to the trial court, it is unpreserved for appellate review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. . . . A party may not argue one ground at trial and an alternate ground on appeal."); *State v. Prather*, 429 S.C. 583, 605, 840 S.E.2d 551, 562 (2020) (declining to address the defendant's hearsay argument on appeal because he raised only a Confrontation Clause argument to the trial court); *State v. Prioleau*, 345 S.C. 404, 410-12, 548 S.E.2d 213, 216-17 (2001) (finding an issue not preserved for review because the party argued one ground at trial and another on appeal).

**AFFIRMED.**[1]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.