**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Leviticus Donyaski Young, Appellant,

v.

State of South Carolina, Respondent.

Appellate Case No. 2018-001120

―――――――――――――

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

―――――――――――――

Unpublished Opinion No. 2022-UP-127
Submitted March 1, 2022 – Filed March 23, 2022

―――――――――――――

**AFFIRMED**

―――――――――――――

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia, for Respondent.

―――――――――――――

**PER CURIAM:** Following the denial of his application for post-conviction relief on the ground that he was entitled to a belated direct appeal pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974), Leviticus Donyaski Young petitioned this court for a writ of certiorari. This court granted certiorari, dispensed with

further briefing on the petition, and granted Young leave to proceed with his direct appeal pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986). We now affirm Young's convictions and sentences for armed robbery and first-degree assault and battery.

In his direct appeal, Young challenges the admission of a surveillance video that showed the suspects' vehicle pulling up to the front of the business where Young's crimes were allegedly committed. Young argues the trial court erred in (1) failing to conduct a balancing test regarding the video's probative value versus its prejudicial effect and (2) admitting the video because its probative value was substantially outweighed by the danger of unfair prejudice. We disagree.

We find the trial court's comments during the suppression hearing indicated it understood it was weighing the probative value of the video against its prejudicial effect pursuant to Rule 403, SCRE; therefore, we hold the trial court fulfilled its responsibilities in this regard. *See State v. King*, 349 S.C. 142, 156, 561 S.E.2d 640, 647 (Ct. App. 2002) ("Though an on-the-record Rule 403 analysis is required, this [c]ourt will not reverse the conviction if the trial [court's] comments concerning the matter indicate [it] was cognizant of the evidentiary rule when admitting the evidence of [the defendant's] prior bad acts.").

We further find the trial court did not err in refusing to suppress the video based on its alleged prejudicial effect. *See* Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *State v. Collins*, 409 S.C. 524, 536, 763 S.E.2d 22, 28 (2014) ("[T]he standard is not simply whether the evidence is prejudicial; rather, the standard under Rule 403, SCRE is whether there is a danger of *unfair* prejudice that *substantially* outweighs the probative value of the evidence."). In arguing for suppression of the video, Young asserted to the trial court it did not show anything that would suggest a crime had taken place; therefore, we agree with the trial court's reasoning that Young's "suggestion" that the video "doesn't show anything . . . would suggest it isn't prejudicial at all." Thus, we find the trial court acted within its discretion in admitting the video. *See State v. Wise*, 359 S.C. 14, 21, 596 S.E.2d 475, 478 (2004) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice."); *Collins*, 409 S.C. at 534, 763 S.E.2d at 28 ("A trial [court's]

decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances.").[1]

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and HEWITT, JJ., concur.**

---

[1] Young also argues the video prejudiced him because it resulted in the elevation of his assault and battery charge to a first-degree offense. Young did not raise this argument at trial; therefore, we find it is not properly before this court and decline to address it. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and an alternate ground on appeal.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.