**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Justin Ryan Cone, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2019-000437

———————————

Appeal From Pickens County
Letitia H. Verdin, Circuit Court Judge
Alex Kinlaw, Jr., Post-Conviction Relief Judge

———————————

Unpublished Opinion No. 2022-UP-323
Submitted June 1, 2022 – Filed August 3, 2022

———————————

**AFFIRMED**

———————————

Appellate Defender Jessica M. Saxon, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Taylor Zane Smith, of Columbia, for Respondent.

———————————

**PER CURIAM:** Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR). Because there is sufficient evidence to support the PCR judge's finding that Petitioner did not knowingly and

intelligently waive his right to a direct appeal, we grant certiorari and proceed with a review of the direct appeal issues pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

On appeal, Petitioner argues the trial court erred in (1) allowing the solicitor to argue the victim's testimony need not be corroborated pursuant to section 16-3-657 of the South Carolina Code (2015), and (2) barring defense counsel from cross-examining the victim about specific punishments she had received for lying on previous occasions without first ruling on the evidence's relevance and its admissibility under Rule 403, SCRE. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in allowing the solicitor to reference section 16-3-657, we hold Petitioner's argument is not preserved for review because he did not contemporaneously object at trial. *See Webb v. CSX Transp., Inc.*, 364 S.C. 639, 657, 615 S.E.2d 440, 450 (2005) (finding CSX's failure to contemporaneously object to closing argument precluded it from raising issue on appeal). Further, Petitioner conceded this issue at trial when he admitted the solicitor could argue the statute during his closing. *See State v. Bryant*, 372 S.C. 305, 315-16, 642 S.E.2d 582, 588 (2007) (stating that because appellant conceded the court's ruling was not prejudicial, he could not assert on appeal that the court's ruling denied him a fair trial).

2. As to whether the trial court erred in barring defense counsel from cross-examining a witness about prior punishments she had received, we hold those questions were not relevant and, even if relevant, the questions had a substantial likelihood of confusing the jury. *See* Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence . . . more probable or less probable than it would be without the evidence."); Rule 402, SCRE ("Evidence which is not relevant is not admissible"); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *State v. King*, 349 S.C. 142, 156, 561 S.E.2d 640, 647 (Ct. App. 2002) ("Though an-on-the-record Rule 403 analysis is required, [an appellate court] will not reverse the conviction if the trial [court]'s comments concerning the matter indicate [it] was cognizant of the evidentiary rule when admitting the evidence of [a defendant's] prior bad acts.").

**AFFIRMED.** [1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.