**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Brian Foster, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2023-000724

Appeal From Spartanburg County
J. Derham Cole, Trial Judge
William A. McKinnon, Post-Conviction Relief Judge

Unpublished Opinion No. 2024-UP-371
Submitted October 9, 2024 – Filed October 30, 2024

**AFFIRMED**

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Petitioner.

Senior Assistant Deputy Attorney General Mark Reynolds Farthing, of Columbia, for Respondent.

**PER CURIAM:** Petitioner seeks a writ of certiorari from an order of the circuit court denying his application for post-conviction relief (PCR) but finding he was entitled to a belated review of his direct appeal issue pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974).

Because there is sufficient evidence to support the PCR judge's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari on Petitioner's question and proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

On appeal, Petitioner argues the trial court erred in allowing multiple witnesses make in-court identifications of Petitioner because the photographic line-up used by law enforcement was unduly suggestive and impermissible pursuant to *Neil v. Biggers*.[1]  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in refusing to suppress the in-court identifications.  *See State v. Liverman*, 398 S.C. 130, 137-38, 727 S.E.2d 422, 425 (2012) ("Whether an eyewitness identification is sufficiently reliable is a mixed question of law and fact."); *id.* at 138, 727 S.E.2d. at 425 ("In reviewing mixed questions of law and fact, where the evidence supports but one reasonable inference, the question becomes a matter of law for the court."); *id.* ("Generally, the decision to admit an eyewitness identification is at the trial [court]'s discretion and will not be disturbed on appeal absent an abuse of discretion.").  Although the trial court found the use of the photographic line-up was "somewhat suggestive" because Petitioner did not possess any facial hair in his photograph while the other five individuals did, its findings that the witnesses' identifications were reliable, under the totality of the circumstances, were supported by the evidence and therefore not an abuse of discretion.  *See State v. Moore*, 343 S.C. 282, 286, 540 S.E.2d 445, 447 (2000) ("A criminal defendant may be deprived of due process of law by an identification procedure which is unnecessarily suggestive and conducive to irreparable mistaken identification."); *id.* at 287, 540 S.E.2d. at 447 (explaining courts utilize a two-prong inquiry to determine the admissibility of eyewitness identification testimony, asking first "whether the identification process was unduly suggestive," and if so, "whether the out-of-court identification was nevertheless so reliable that no substantial likelihood of misidentification existed" (quoting *Curtis v. Commonwealth*, 396 S.E.2d 386, 388 (Va. Ct. App. 1990))); *State v. Wyatt*, 421 S.C. 306, 313, 806 S.E.2d 708, 711 (2017) (holding circumstances that "may make suggestive police identification procedures necessary [include]: 'where it occurs shortly after the alleged crime, near the scene of the crime, as the witness' memory is still fresh, and the suspect has not had time to alter his looks or dispose of evidence, and the showup may expedite the release of innocent suspects, and enable the police to determine whether to continue

---

[1] 409 U.S. 188 (1972).

searching.'" (quoting *Gibbs v. State*, 403 S.C. 484, 494, 744 S.E.2d 170, 175 (2013))); *Moore*, 343 S.C. at 289, 540 S.E.2d at 448-49 (explaining the factors to be considered in evaluating whether the identification was sufficiently reliable, such that no substantial likelihood of misidentification existed include: "[t]he opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation."  (quoting *Biggers*, 409 U.S. at 199-200)); *State v. Patterson*, 337 S.C. 215, 229, 522 S.E.2d 845, 852 (Ct. App. 1999) ("Reliability is the linchpin in determining the admissibility of identification testimony."); *State v. Collier*, 421 S.C. 426, 440-41, 807 S.E.2d 206, 214 (Ct. App. 2017) (finding the trial court did not abuse its discretion in allowing the in-court identification by an eyewitness who was previously shown a photographic line-up in which the defendant was the only person who—like the suspect—wore a hooded sweatshirt, because there was no substantial likelihood of misidentification); *State v. Turner*, 373 S.C. 121, 128, 644 S.E.2d 693, 697 (2007) (finding identification evidence reliable where the victim "had an ample opportunity to view her assailant at the time of the crime" and "had a full facial view of him while he asked her questions").

**AFFIRMED.[2]**

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.