**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Robert Lee Reddock, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2023-001321

———————

Appeal From Williamsburg County
R. Kirk Griffin, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-231
Submitted June 1, 2025 – Filed July 9, 2025

———————

**AFFIRMED**

———————

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Travis Cruise Mitchell, both of Columbia, for Respondent.

———————

**PER CURIAM:** Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR). Because there is sufficient evidence to support the PCR judge's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari and proceed with

a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

On appeal, Petitioner argues the trial court erred in instructing the jury with the hand of one, hand of all charge because the State's theory of the case was that Petitioner committed the armed robbery and it failed to provide any evidence contrary to its theory. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not err in instructing the jury on the hand of one, hand of all charge because the evidence presented at trial was equivocal as to whether Petitioner was the armed robber or the accomplice who drove the escape vehicle. *See State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("An appellate court will not reverse the trial judge's decision regarding a jury charge absent an abuse of discretion."); *Cook v. State*, 415 S.C. 551, 556, 784 S.E.2d 665, 667 (2015) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000))); *State v. Smith*, 391 S.C. 408, 412, 706 S.E.2d 12, 14 (2011) ("If there is any evidence to warrant a jury instruction, a trial court must, upon request, give the instruction."); *State v. Washington*, 431 S.C. 394, 407, 848 S.E.2d 779, 786 (2020) ("For an accomplice liability instruction to be warranted, the evidence must be 'equivocal on some integral fact and the jury [must have] been presented with evidence upon which it could rely to find the existence or nonexistence of that fact.'" (alteration in original) (quoting *Barber v. State*, 393 S.C. 232, 236, 712 S.E.2d 436, 439 (2011))). The eyewitness to the armed robbery testified the perpetrator masked his face and asserted that it was possible the robbery was committed by another person. Additionally, the DNA evidence presented at trial indicated two sets of DNA—one of which was Petitioner's—were found on the interior of the clothing evidence recovered by law enforcement, which supported the possibility that either Petitioner or his co-conspirator could have worn those items while committing the robbery, and trial counsel highlighted this argument during his closing. *See State v. Johnson*, 444 S.C. 442, 451, 908 S.E.2d 102, 106 (2024) (asserting the "lack of evidence" as to whether the defendant or a co-conspirator was the triggerman for the murder "[wa]s evidence that each of them did it" when evidence indicated the men were acting in concert and either could have fired the fatal shot); *State v. Sellers*, 442 S.C. 140, 150, 898 S.E.2d 116, 121 (2024) (explaining evidence is "equivocal" when it supports "both alternative theories as to which person [committed the crime]"); *Barber*, 393 S.C. at 239, 712 S.E.2d at 440 (noting defense counsel's "outright argu[ment]" that a co-conspirator possessed the same caliber of gun which killed the victim suggested that the

co-conspirator was the shooter, and supported the trial court's hand of one, hand of all charge).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.