**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gerald A. Gadsden, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2024-000153

———————

Appeal From Anderson County
Perry H. Gravely, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-305
Submitted August 20, 2025 – Filed September 3, 2025

———————

**AFFIRMED**

———————

Appellate Defender Joanna Katherine Delany, of Columbia, for Petitioner.

Assistant Attorney General Andrew Douglas Powell, of Columbia, for Respondent.

———————

**PER CURIAM:** Petitioner seeks a writ of certiorari from an order partially granting and partially denying his application for post-conviction relief (PCR). The PCR court found Petitioner was entitled to a belated review of his direct appeal issues pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974).

However, the PCR court found Petitioner was not entitled to relief on any other ground.

Because there is sufficient evidence to support the PCR court's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari on Petitioner's Question 1 and proceed with a review of the direct appeal issues pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986). We deny certiorari on Petitioner's Question 2.

On appeal, Petitioner argues the plea court erred in failing to order that he be evaluated for competency despite learning that he suffered from schizophrenia and bipolar disorder, had been found incompetent several years prior, and was not receiving his medications. We affirm pursuant to Rule 220(b), SCACR.

We hold the plea court did not abuse its discretion in failing to order a competency evaluation prior to Petitioner's guilty plea. *See State v. White*, 364 S.C. 143, 147, 611 S.E.2d 927, 929 (Ct. App. 2005) ("[T]he decision of whether to order a competency examination is within the discretion of the trial [court], whose decision will not be overturned absent a clear showing of abuse of discretion."); *State v. Finley*, 427 S.C. 419, 423, 831 S.E.2d 158, 160 (Ct. App. 2019) ("An abuse of discretion occurs when the [plea] court's finding is based on an error of law or grounded in factual conclusions without evidentiary support."); *State v. Colden*, 372 S.C. 428, 441, 641 S.E.2d 912, 920 (Ct. App. 2007) ("[G]reat deference is given to [the] trial [court] who sits in a better position to ascertain the defendant's faculties."). Although Petitioner had been found incompetent several years prior, his competency was restored soon after. Furthermore, the record indicates that Petitioner rationally communicated with the plea court throughout the plea hearing and evinced an understanding in the proceedings, as well as the charges against him. Petitioner was also able to reasonably consult with his attorney, demonstrated by his comments at the plea hearing and several letters Petitioner sent to his attorney over the course of his representation that included caselaw and various defenses. *See Garren v. State*, 423 S.C. 1, 14, 813 S.E.2d 704, 711 (2018) ("The test for competency is the same whether a defendant pleads guilty or goes to trial—namely, 'whether the defendant has the present ability to consult with his attorney with a reasonable degree of rational understanding' and the requirement that the defendant 'have a rational as well as a factual understanding of the proceedings against him.'" (quoting *Sims v. State*, 313 S.C. 420, 422-23, 438 S.E.2d 253, 254 (1993))); *State v. Burgess,* 356 S.C. 572, 575, 590 S.E.2d 42, 44 (Ct. App. 2003) (holding in determining whether further inquiry into a defendant's fitness to stand trial is warranted, the trial court should consider

factors such as "evidence of his or her irrational behavior, his or her demeanor at trial, and any prior medical opinion on his or her competence to stand trial").

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.