**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

David Quintan Jones, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2024-000090

———————————

Appeal From Greenville County
R. Scott Sprouse, Circuit Court Judge

———————————

Unpublished Opinion No. 2026-UP-033
Submitted January 1, 2026 – Filed February 4, 2026

———————————

**AFFIRMED**

———————————

William G. Yarborough, III, and Lauren C. Hobbis, both
of William G. Yarborough III, Attorney at Law, LLC, of
Greenville, both for Petitioner.

Assistant Attorney General William Joseph Maye, of
Columbia, for Respondent.

———————————

**PER CURIAM:**  Petitioner seeks a writ of certiorari from an order of the circuit court finding he was entitled to a belated review of his direct appeal issues pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974).

Because sufficient evidence supports the PCR court's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari on Petitioner's Question 1 and proceed with a review of the direct appeal issues pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

On appeal, Petitioner argues the trial court erred in admitting (1) the video recording of the forensic interview of Petitioner's daughter (Child) because the totality of the circumstances failed to establish particularized guarantees of trustworthiness and (2) a blind expert witness's testimony because she was a biased and interested party and the State failed to establish the reliability of the substance of her testimony. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not abuse its discretion in admitting the video recording of Child's forensic interview because evidence supports its conclusion that the interview had particularized guarantees of trustworthiness. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); S.C. Code Ann. § 17-23-175(A)(1) to (4) (2014) ("[A]n out-of-court statement of a child is admissible if: (1) the statement was given in response to questioning conducted during an investigative interview of the child; (2) an audio and visual recording of the statement is preserved on film, videotape, or other electronic means . . . ; (3) the child testifies at the proceeding and is subject to cross-examination on the elements of the offense and the making of the out-of-court statement; and (4) the court finds, in a hearing conducted outside the presence of the jury, that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of trustworthiness."); S.C. Code Ann. § 17-23-175(B)(1) to (5) (2014) ("In determining whether a statement possesses particularized guarantees of trustworthiness, the court may consider, but is not limited to, the following factors: (1) whether the statement was elicited by leading questions; (2) whether the interviewer has been trained in conducting investigative interviews of children; (3) whether the statement represents a detailed account of the alleged offense; (4) whether the statement has internal coherence; and (5) sworn testimony of any participant which may be determined as necessary by the court."); S.C. Code Ann. § 17-23-175 (2014) ("After considering these factors and additional factors the court deems important, the court will make a determination as to whether the statement is admissible pursuant to the provisions of this section."); *State v. Clark*, 444 S.C. 606, 615 n.6, 910 S.E.2d 481, 486 n.6

(2024) ("While it is true that section 17-23-175 . . . obligate[s] the trial court to determine whether the circumstances surrounding the child's statement are reliable, that inquiry goes towards the admissibility of the recording, not the credibility of the accusations contained therein.").

2. We hold this issue was not preserved for appellate review because Petitioner objected to the testimony at trial on entirely different grounds than he raises on appeal. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) (per curiam) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *id.* at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal.").

**AFFIRMED.** [1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.