**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Herbert Leroy Holmes, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2022-001369

———————

Appeal From Dorchester County
Robert J. Bonds, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-096
Submitted February 18, 2026 – Filed February 25, 2026

———————

**AFFIRMED**

———————

Appellant Defender Joanna Katherine Delany, of Columbia, for Petitioner.

Assistant Attorney General Leon David Leggett, III, of Columbia, for Respondent.

———————

**PER CURIAM:** Petitioner seeks a writ of certiorari from an order partially granting and partially denying his application for post-conviction relief (PCR). The PCR court found Petitioner was entitled to a belated review of his direct appeal issues pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974).

However, the PCR court found Petitioner was not entitled to relief on any other ground.

Because there is sufficient evidence to support the PCR court's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari on Petitioner's Question 1 and proceed with a review of the direct appeal issues pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986). We deny certiorari on Petitioner's Question 2.

On appeal, Petitioner argues the trial court erred by denying his motion to suppress DNA evidence related to his case because the State failed to establish a chain of custody for the evidence "as far as practicable." We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in denying the motion to suppress the DNA evidence because the State established a sufficient chain of custody. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion"); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Hatcher*, 392 S.C. 86, 94, 708 S.E.2d 750, 754 (2011) ("Courts have abandoned inflexible rules regarding the chain of custody and the admissibility of evidence in favor of a rule granting discretion to the trial courts."). We hold the State established the chain of custody as far as practicable given the facts of Petitioner's case: at trial, the State identified nearly every individual who handled the DNA evidence, and each witness who testified indicated the evidence was properly sealed and secure when it was received. *See State v. Pulley*, 423 S.C. 371, 377, 815 S.E.2d 461, 464 (2018) ("[A] party offering into evidence fungible items such as drugs or blood samples must establish a complete chain of custody as far as practicable." (quoting *Hatcher*, 392 S.C. at 91, 708 S.E.2d at 753)); *Hatcher*, 392 S.C. at 94-95, 708 S.E.2d at 754-55 ("The trial [court]'s exercise of discretion must be reviewed in the light of the following factors: '. . . the nature of the article, the circumstances surrounding the preservation and custody of it, and the likelihood of intermeddlers tampering with it.'" (quoting *United States v. De Larosa*, 450 F.2d 1057, 1068 (3d Cir. 1971))); *S.C. Dep't of Soc. Servs. v. Cochran*, 364 S.C. 621, 629 n.1, 614 S.E.2d 642, 646 n.1 (2005) ("Whether the chain of custody has been established as far as practicable . . . depends on the unique factual circumstances of each case."); *id.* at 629, 614 S.E.2d at 646 ("Generally, we will uphold the chain of custody if the safeguards instituted ensure the integrity of the evidence, even if every person

associated with the procedure is not personally identified.").  The only unidentified individuals in the chain of custody were receptionists at the South Carolina Law Enforcement Division (SLED) who accepted deliveries of the items; however, agent Kenneth Bogan—a SLED analyst who tested the evidence on every occasion it was transported to the agency—testified that when the items were delivered, he picked up the items from the secretaries, filled out the intake forms, and observed that the items were sealed and lacked evidence of tampering.  *See Hatcher*, 392 S.C. at 92, 95, 708 S.E.2d at 753, 755 (ruling the trial court did not abuse its discretion in finding the State established a sufficient chain of custody for evidence when the employee at SLED who received the drug evidence from law enforcement was not identified, but the agent who tested the drugs testified he retrieved the evidence from the Log-In Department at SLED and the items were still "double-sealed" and did not show any evidence of tampering); *Cochran*, 364 S.C. at 628-29, 614 S.E.2d at 646 (finding the chain of custody of blood samples was established as far as practicable because, although an unknown courier transported the samples from the collection site to the testing facility, every other person who handled the samples testified at trial and evidence indicated the samples were sealed and intact upon their arrival).

Although there were discrepancies with the documentation of some of the State's evidence—the Victim testified her assault occurred the day prior the hospital's records; an inventory sheet mistakenly listed cuttings from Victim's skirt as item "N" instead of "M"; and an oral wash, which had been previously found to lack DNA samples, was unaccounted for after SLED's initial analyses of the evidence— we hold these discrepancies did not render the evidence inadmissible but rather goes only to its weight as credible evidence.  *See State v. Carter*, 344 S.C. 419, 423-25, 544 S.E.2d 835, 836-37 (2001) (ruling a missing saliva sample from a DNA collection kit performed on the defendant did not render the chain of custody for blood samples incomplete because "all custodians of the blood testified" at trial they "did not alter the evidence in any way and that the security tape [which sealed the packaging of the blood samples] was unbroken"); *id.* at 425, 544 S.E.2d at 838 ("[W]e find the evidence of a discrepancy in the contents of the kit does not render the blood sample inadmissible but goes only to its weight as credible evidence."); *see also State v. Rowell*, 436 S.C. 54, 870 S.E.2d 175 (Ct. App. 2022) (finding an inconsistency between flight records and the defendant's medical records as to the time his blood sample was taken "did not establish either a break in the chain of custody or that the blood was from someone else" because "[the] brief time discrepancy between organizations d[id] not alter the chain of custody analysis [where] each person who possessed the sample was identified"), *vacated and remanded on other grounds*, 444 S.C. 109, 906 S.E.2d 554 (2024); *State v.*

*Patterson*, 425 S.C. 500, 508, 823 S.E.2d 217, 222 (Ct. App. 2019) ("Minor discrepancies in the chain of custody implicates the credibility of the evidence, but does not render the evidence inadmissible."); *Cochran*, 346 S.C. at 630, 614 S.E.2d at 646 ("[P]roof of chain of custody need not negate all possibility of tampering so long as the chain of possession is complete.").

**AFFIRMED.** [1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.